DISCIPLINARY PROCEEDINGS

hPER CURIAM[1].
This is a disciplinary proceeding against the respondent, James Keith Mullins, a member of the Louisiana State Bar Association, based on, among other things, his criminal conviction of a serious crime under Section 19(B) of Supreme Court Rule XIX. The Disciplinary Board, after reviewing the evidence presented to the Hearing Committee, issued a report recommending that the Respondent be disbarred from the practice of law. Respondent objected to the Board’s recommendation, and that matter is now before this Court under our original jurisdiction. La. Const, art. V, Sec. 5(B).
Robert Alonzo had retained Respondent for purposes of appealing his criminal conviction, specifically the denial of a motion to suppress evidence. Respondent filed a notice of appeal but failed to assign the motion to suppress as error. Subsequently, Mr. Alonzo terminated his relationship with Respondent and requested that Respondent provide an accounting of the services rendered and return the unearned portion of his advance fee. On April 26, 1991, Mr. Alonzo filed a complaint with the Office of Disciplinary Counsel and related that he had not received an accounting, despite a second written request.
On October 29, 1991, Respondent was personally served with a subpoena ordering him to appear before Disciplinary Counsel on November 1, 1991 to |2testify about the Alonzo matter. He was also served with a subpoena duces tecum requesting production of all invoices and financial records pertinent to the investigation. Respondent did not appear and both subpoenas were continued to November 26, 1991. Respondent did appear on November 26, but failed to produce the requested invoices and financial records to the disciplinary authority.
On July 1, 1993, two counts of formal charges were filed against Respondent. The first count was brought for violation of Rules 1.1, 1.2(a), 1.3, 1.4, 1.5(f), 1.15, 1.16(d) and 8.4(a)(b) & (c) of the Rules of Professional Conduct resulting from Respondent’s failure to include a major issue on appeal, failure to accurately account to Mr. Alonzo for the earned portion of his advance fee after discharge, and failure to place the disputed portion of the advance fee in a trust account after the dispute arose with Mr. Alonzo. The second count formally charged Respondent with failing to cooperate and obstructing access to evidence in a disciplinary investigation, and engaging in conduct prejudicial to the administration of justice in violation of Rules 3.4(a)(c), 8.1(b)(c), and 8.4(a)(d) & (g) of the Rules of Professional Conduct and Section 9(c) of Supreme Court Rule XIX.
On August 18, 1993, additional formal charges were filed against Respondent arising from a criminal conviction of a serious offense which constituted a violation of Rule 8.4(b) of the Rules of Professional Conduct and which adversely reflected upon his moral fitness to practice law under Section 19(B) of Supreme Court Rule XIX. The documentary evidence established that on May 28,1993, Respondent entered a guilty plea in the United States District Court, Western District of Louisiana, to the felony crime of possession with intent to distribute marijuana in violation of 21 U.S.C. Section 841(a)(1). As a result, Respondent was sentenced to three years imprisonment. On August 13, 1993, this IsCourt, given the criminal conviction, ordered that Respondent be placed on interim suspension in accordance with Section 19 of Supreme Court Rule XIX. See, In re James Keith Mullins, 623 So.2d 1282 (La. 1993).
On October 18,1993, the Hearing Committee Chair ordered that it was not necessary to conduct a hearing because Mullins had failed to respond to any of the formal charges and, thus, they were deemed admitted pursuant to Section 11(E)(3) of Supreme Court Rule XIX. Moreover, Respondent had neglected to submit documentary evidence and written arguments for consideration to *325 the Committee after being afforded the opportunity to do so.
Upon review of the documentary evidence and written arguments submitted by Disciplinary Counsel, the Hearing Committee concluded Respondent’s criminal conviction adversely reflected upon his moral fitness to practice law and warranted the baseline sanction of disbarment.[2] Its determination was prompted by the Committee’s finding of aggravating factors of a prior disciplinary record[3] and failure to cooperate in a disciplinary investigation. See, American Bar Association’s Standards for Imposing Lawyer Sanctions, Standard 9.22(a) & (e). In accordance with Section 11(F) of Supreme Court Rule XIX, the Hearing Committee submitted its findings and report to the Disciplinary Board. The Committee recommended disbarment effective the date of Respondent’s interim suspension.
The Disciplinary Board, after consideration of the evidence presented to the Hearing Committee, adopted the findings of the Committee. In doing so, the RBoard stated the Respondent’s drug conviction alone warranted a sanction of disbarment. The Board further held Respondent’s failure to vigorously and competently represent Mr. Alonzo in the criminal appeal of his conviction and Respondent’s failure to fully comply with the subpoena issued to him by the disciplinary authority were also serious matters contributing to disbarment. Like the Hearing Committee, the Board noted the record lacked any evidence of mitigating factors because of Respondent’s neglect. However, the Board found several aggravating factors to be present that were not addressed by the Hearing Committee.[4] The Board issued a report to this Court recommending disbarment effective the date of the interim suspension and assessment of all costs of the disciplinary proceedings.
Upon review of the record of the Disciplinary Board’s findings and recommendations, and considering the record, briefs and oral arguments, we conclude that the charges o'f misconduct are supported by clear and convincing evidence. In Re Quaid, 94-1316 (La. 11/30/94), 646 So.2d 343. It is the decision of this Court that the Disciplinary Board’s recommendations be adopted.
Accordingly, it is ordered that the name of James Keith Mullins be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked effective August 13, 1993, the date of his interim suspension. All costs of these proceedings are assessed to Respondent. See, Section 10(A)(7) of Supreme Court Rule XIX.
KIMBALL, J., not on panel.

. Chief Judge Morris A. Lottinger, Court of Appeal, First Circuit, participating as Associate Justice Pro Tempore, in place of Associate Justice James L. Dennis. Kimball, J., not on panel. Rule IV, Part 2.

. Standard 5.11 of the American Bar Association's Standard for Imposing Lawyer Sanctions provides that disbarment is generally appropriate when:
(a) a lawyer engages in serious criminal conduct ... or the sale, distribution, or importation of controlled substances.

. Respondent had received a private reprimand on August 16, 1988, and admonitions on April 17, 1991, November 26, 1991 and June 27, 1992.

. The Disciplinary Board found the following aggravating factors to be present:
a. Prior discipline;
b. Dishonest or selfish motive;
c. Pattern of misconduct, considering the pri- or offenses;
d. Multiple offenses;
e. Failure to cooperate;
f. Failure to acknowledge the wrongful nature of the conduct;
g. Vulernable victim (Mr. Alonzo was incarcerated during the time he was represented by Respondent.); and
h. Substantial experience in the practice of law