DISCIPLINARY PROCEEDINGS
hPER CURIAM.
On August 1, 1994, pursuant to a guilty plea in the U.S. District Court, Western District of Texas, San Antonio Division, Jami I. Mitchell was convicted of one count of possession with the intent to distribute marijuana, a felony, in violation of 21 U.S.C. 841(a)(1). On September 30, 1994, Respondent was sentenced to 21 months imprisonment, to be followed by three years’ supervised release.
*386 On January 11, 1995, formal charges were' filed, alleging that Respondent violated Rule 8.4(b) of the Rules of Professional Conduct when he committed a criminal act. The charges also allege that said crime adversely affects Respondent’s moral fitness to practice law under La.S.Ct. Rule XIX, Sect. 19 B. Respondent’s role in the drug transaction was to transport 85.37 pounds of marijuana from San Antonio, Texas to New Orleans, Louisiana for a fee. The following mitigating factors were presented at the hearing: no prior record, cooperation with the disciplinary system in agreeing to an interim suspension, one which the court was going to order, prior good character, and imposition of the criminal sanction.
The Hearing Committee found that Respondent’s acts were intentional, and recommended that Respondent be disbarred. The Disciplinary Board agreed with the facts and recommendations of the Hearing Committee, having concluded that disbarment is the appropriate baseline sanction for a criminal conviction involving a lawyer’s participation in the business of distributing illegal drugs.
Upon review of the record and the recommendations of the Hearing Committee and Disciplinary Board, it is the decision of the court that the Disciplinary Board’s recommendation be adopted.
^Accordingly, it is ordered that Jami I. Mitchell be disbarred, and that his name be stricken from the rolls of attorneys licensed to practice.
DISBARRED.
VICTORY, J., not on panel. Rule IV, Part 2, Sec. 3.