869 So.2d 799 (2004)
In re LeRoy A. HARTLEY.
No. 2003-B-2828.
Supreme Court of Louisiana.
April 2, 2004.

ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
Respondent was charged by the Office of Disciplinary Counsel ("ODC") with several violations of the Rules of Professional Conduct, including violations of Rules 5.1(c)[1] and 8.4(c).[2] The thrust of the allegations *800 were that respondent directed another attorney at his firm to notarize a document which stated that the affiant and one witness had "personally appeared" before the notary when they in fact had not done so.[3] The hearing committee dismissed the charges. The disciplinary board reversed the dismissal of the charges and imposed a public reprimand on respondent. Respondent now appeals pursuant to Supreme Court Rule XIX, § 11(G).
We agree that respondent's actions constitute a minor violation of the Rules of Professional Conduct. However, we find his actions were not the product of an evil or dishonest motive nor did they cause any actual harm. Respondent has been a practicing attorney since 1971 and has an unblemished disciplinary record. Under the totality of the circumstances, we do not find formal discipline is warranted by this court. See, e.g., In re: Marullo, 96-2222 (La.4/8/97), 692 So.2d 1019.
Accordingly, while we in no way condone respondent's actions and caution him to refrain from similar professional lapses in the future, we decline to impose formal discipline in this matter, and therefore dismiss the charges.
NOTES
[1] Rule 5.1 provides:

(c) A lawyer shall be responsible for another lawyer's violation of the rules of professional conduct if:
(1) The lawyer orders or, with knowledge of the specific conduct, ratifies the conduct involved; or
(2) The lawyer is a partner in the law firm in which the other lawyer practices, or has direct supervisory authority over the other lawyer, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.
[2] Rule 8.4(c) provides:

It is professional misconduct for a lawyer to:
(c) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
[3] The ODC also alleged respondent violated the rules dealing with conflicts of interest. These charges were dismissed by the hearing committee and disciplinary board. The ODC did not contest these dismissals; accordingly, we will not address these other rule violations.