1 j TRAYLOR, J.,
dissenting.
The majority concludes that a three-year suspension from the practice of law, with two of the three years deferred and subject to a two-year period of supervised probation, is a sufficient penalty for the respondent’s actions. It is my opinion the respondent’s conduct warrants a more severe penalty.
The majority bases its conclusion regarding appropriate punishment on the respondent’s failure to cooperate with the ODC during its disciplinary investigation of the complaints against her, as well as on *412 the respondent’s misdemeanor conviction for possession of marijuana. Ordinarily, a disciplinary proceeding based upon criminal conduct takes as fact the criminal conviction and does not make an independent assessment of the respondent’s guilt. While I accept the fact of respondent’s misdemeanor conviction, I find this case different from other cases in that during the course of the criminal prosecution respondent admitted in a sworn affidavit to the knowing possession of marijuana in an amount between five and fifty pounds, a felony offense. Moreover, possession of this quantity of marijuana suggests that respondent was involved in the trafficking of marijuana.
The majority correctly states that this court has not hesitated to disbar lawyers convicted of drug offenses. See In re: Mitchell, 95-0983 (La.9/13/96), 679 So.2d 385; In re: Mullins, 94-2245 (La.6/2/95), 655 So.2d 323. In disciplinary cases involving drug offenses, the respondent is generally sanctioned based upon a conviction. See Louisiana State Bar Association v. Vesich, 476 So.2d 811 (La.1985); Louisiana State Bar Association v. Frank, 472 So.2d 1 (La.1985); Louisiana State Bar Association v. Porobil, 444 So.2d 613 (La.1984); Louisiana State Bar Association v. Loridans, 338 So.2d 1338 (La.1976); Louisiana State Bar Association v. Shaheen, 338 So.2d 1347 (La.1976). When an attorney has been convicted of a crime, the sole issue to be determined in a disciplinary hearing before this court is whether the crime warrants discipline, and if so, to what extent. Louisiana State Bar Association v. Wright, 538 So.2d 279 (La.1989). However, the degree of discipline to be imposed depends in each ease on the seriousness of the offense, the circumstances of the offense, and the extent of aggravating and mitigating circumstances. In re: Pinkston, 02-3251 (La.5/20/03) 852 So.2d 966, 974; Louisiana State Bar Association v. Garraway, 520 So.2d 400, 401 (La.1988); Louisiana State Bar Association v. Price, 495 So.2d 1311 (La.1986). I believe that the factual circumstances of the respondent’s criminal conviction in the instant ease merit a more burdensome sanction, up to and, perhaps including, disbarment.
For the foregoing reasons, I would find the conduct in the instant case warrants a more severe penalty. Accordingly, I respectfully dissent.