ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
11 This matter stems from a rule to revoke probation filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Ann B. Steinhardt, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
On September 9, 2004, we suspended respondent from the practice of law for three years, with two years deferred, for her conviction of possession of marijuana, failure to report the conviction to the ODC, and failure to cooperate with the ODC in its investigation. In re: Stein-hardt, 04-0011 (La.9/9/04), 883 So.2d 404. We also placed respondent on probation for a period of two years, during which time we ordered respondent to comply with the terms of her recovery agreement with the Lawyers Assistance Program (LAP) and with such other conditions as may be imposed upon her by the LAP. We concluded that any violation of this condition by respondent, or the commission of any misconduct during the period of probation, “may be grounds for making the deferred portion of the suspension execu-tory or imposing other discipline, as appropriate.”
Respondent’s suspension commenced on October 29, 2004, upon the denial of her application for rehearing. Respondent was reinstated to the practice of law in Louisiana effective November 17, 2005.
|2On January 25, 2006, the adjudicative committee of the disciplinary board appointed New Orleans attorney Philip O. Bergeron to serve as respondent’s probation monitor. In April 2006, respondent and Mr. Bergeron executed respondent’s probation plan. Among other provisions, the probation plan called for respondent’s continued compliance with the terms and conditions of her LAP agreement, which expires in October 2007.
In May 2006, the ODC received correspondence from Robert Murphy and Mark Mahfouz of the New Orleans law firm of Murphy, Rogers, Sloss & Gambel. Mr. Murphy and Mr. Mahfouz represented the Treasure Chest Casino in a lawsuit filed by *562 respondent in May 2004 (prior to her suspension) on behalf of her client, Donald Gonzales. Mr. Murphy and Mr. Mahfouz informed the ODC that their firm contacted respondent on at least three occasions during late 2004 and early 2005 regarding Mr. Gonzales’ suit. Mr. Murphy and Mr. Mahfouz stated that they were unaware of respondent’s suspension from the practice of law when they contacted her on those occasions.
After this complaint was filed, respondent gave a sworn statement to the ODC in which she admitted that she had failed to notify Mr. Murphy and Mr. Mahfouz of her suspension from the practice of law, as required by Supreme Court Rule XIX, § 26. However, respondent stated that she mistakenly believed she was not required to do so because she considered the Gonzales matter abandoned. Respondent explained that she was retained by Mr. Gonzales to file suit against the Treasure Chest Casino for injuries he allegedly sustained when he was physically accosted by casino employees and a Kenner policeman. Respondent filed the suit on May 6, 2004. Two weeks later, respondent contacted Mr. Gonzales to discuss the discovery requests she had received from Mr. Murphy. Respondent explained to her client that he was to take the discovery home, answer the questions, and return the responses to |aher with certain documentation. Several days later, respondent found the discovery requests stuffed under her door, unanswered and without the necessary documentation. Respondent attempted to telephone Mr. Gonzales but could not reach him for several days. When she finally spoke to Mr. Gonzales, respondent told him that the discovery responses were not satisfactory and that he needed to return to her office; however, he failed to do so. Respondent represented that this was the last time she heard from Mr. Gonzales. Thereafter, respondent learned that her client was a drifter, that his contact telephone number belonged to a bar, that no one had seen or heard from him in weeks, and that he was rumored dead. Based upon this information, in August 2004, respondent wrote to Mr. Gonzales in care of his sister and informed him that she could no longer continue to represent him in the Treasure Chest Casino case. Respondent also had several conversations with Mr. Murphy’s paralegal in 2004 in which she reported the disappearance of her client; both sides agreed to “doing nothing and letting the matter die on its own.” Subsequently, at the request of defense counsel, respondent signed a formal motion to dismiss the Gonzales case without prejudice. The motion was filed into the court record and granted in August 2006.
DISCIPLINARY PROCEEDINGS

Rule to Revoke Probation

On September 28, 2006, the ODC filed a rule to revoke respondent’s probation, on the ground that she had failed to comply with the notice requirements of Supreme Court Rule XIX, § 26. The ODC prayed for the revocation of respondent’s probation and the imposition of the previously deferred portion (two years) of respondent’s original three-year suspension.

14Board Panel Hearing

A hearing was conducted before an adjudicative panel of the disciplinary board on October 26, 2006. The ODC called Mr. Mahfouz, Ms. Susan Passauer, and respondent to testify before the board panel. Mr. Mahfouz confirmed that his law firm never received any written notice from respondent that she had been suspended from the practice of law. Mr. Mahfouz also testified that respondent did not file a formal motion to withdraw as Mr. Gonzales’ counsel of record.
*563 Ms. Passauer, a paralegal at Murphy, Rogers, Sloss & Gambel, testified that she contacted respondent in October 2004 (pri- or to the effective date of respondent’s suspension), and again in April and June 2005 (during the period of respondent’s suspension) to inquire about the Gonzales case. Ms. Passauer testified that respondent informed her during these conversations that her client had disappeared, but never indicated she had been suspended from the practice of law.
In her testimony, respondent explained that she had no pending cases at the time of her suspension, other than Mr. Gonzales’ case, which she did not consider as “pending” because she had “fired” Mr. Gonzales as a client after not being able to locate him. Nevertheless, respondent conceded that Mr. Gonzales’ lawsuit was pending in the 24th Judicial District Court at the time of her suspension, and that she failed to notify opposing counsel of her suspension, as required by Supreme Court Rule XIX, § 26. Respondent also admitted that by failing to comply with Rule XIX, § 26, she did not fully comply with the requirements of her suspension order. In her defense, respondent testified that she was under a great deal of stress as a result of her suspension, and furthermore, that she erroneously believed that she did not have to comply with Rule XIX, § 26 because she received a February 14, 2005 letter from the |sODC which stated that the notice requirement applied only to attorneys suspended for more than one year.[1]

Disciplinary Board Recommendation

After considering the evidence presented at the hearing, the disciplinary board found that respondent did not provide notice of her suspension to Mr. Murphy and Mr. Mahfouz. During the period of her suspension, respondent spoke to Ms. Pas-sauer about the Gonzales case on two occasions, which led the paralegal and the attorneys for the Treasure Chest Casino to believe that respondent continued to represent Mr. Gonzales. In neither conversation did respondent tell Ms. Passauer that she was suspended or that she was no longer representing Mr. Gonzales. The board observed that informing opposing counsel that one’s client cannot be found is insufficient to establish that respondent no longer represents the client or that she is suspended from practicing law.
The board rejected respondent’s contention that she had no obligation to notify opposing counsel of her suspension because she had fired Mr. Gonzales as a client in August 2004. Respondent’s subsequent conversations with Ms. Passauer, as well as her filing of a motion to dismiss Mr. Gonzales’ lawsuit without prejudice in August 2006, belie her belief that her representation of Mr. Gonzales was not ongoing during her suspension.
Finally, the board found respondent’s argument that she was confused by the ODC’s February 14, 2005 letter to be without merit in light of respondent’s admission that she had read Supreme Court Rule XIX, § 26 and was familiar with it.
Based on these findings, the board concluded:
IfiODC has proven by clear and convincing evidence that Respondent failed to meet the condition precedent of Rule XIX, Section 26(C) necessary for reinstatement to the practice of law. Respondent did not notify the defendant Treasure Chest Casino and its attorneys of her suspension in accordance with Rule XIX, Section 26. Respondent did not notify or attempt to notify her client, *564 Mr. Gonzales, of her suspension in light of her continued representation of him during her suspension.
Accordingly, the board recommended that respondent’s probation be revoked and that the two-year deferred suspension be imposed.
DISCUSSION
Based on our independent review of the record, we find that respondent failed to comply with the requirements of Supreme Court Rule XIX, § 26. It is undisputed that after respondent was suspended from the practice of law, she failed to notify opposing counsel in a pending matter of the court’s order.
Nonetheless, we find respondent’s actions were not the product of an evil or dishonest motive nor did they cause any actual harm. Under the totality of the circumstances, we do not find formal discipline is warranted by this court. See, e.g., In re: Hartley, 03-2828 (La.4/2/04), 869 So.2d 799. Accordingly, we decline to revoke respondent’s probation.
DECREE
For the reasons assigned, the rule to revoke probation filed by the Office of Disciplinary Counsel against Ann B. Stein-hardt is denied.

. This letter is obviously in error, as Rule XIX, § 26 provides that its requirements are applicable to attorneys who are suspended for more than six months.