990 So.2d 1279 (2008)
In re James H. BROWN, Jr.
No. 2008-OB-2060.
Supreme Court of Louisiana.
September 26, 2008.

ON APPLICATION FOR REINSTATEMENT
PER CURIAM.
This proceeding arises out of an application for reinstatement filed by petitioner, James H. Brown, Jr., an attorney who is currently suspended from the practice of law in Louisiana.

UNDERLYING FACTS AND PROCEDURAL HISTORY
In 2000, petitioner was convicted of making false statements to federal investigators, in violation of 18 U.S.C. § 1001. We subsequently placed petitioner on interim suspension based upon his conviction. In re: Brown, 01-2331, 01-2728 (La.10/31/01), 801 So.2d 1062. On November 14, 2003, we accepted a joint petition for consent discipline filed by petitioner and the Office of Disciplinary Counsel ("ODC") and suspended petitioner from the practice of law for three years. In re: Brown, 03-2879 (La.11/14/03), 860 So.2d 534.
Following the completion of his suspension, petitioner filed an application for reinstatement to the practice of law, asserting that he has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). A citizen of Louisiana filed an opposition to petitioner's reinstatement, and the ODC indicated that it would take no position in the matter. Accordingly, the petition for reinstatement was referred for a formal hearing before a hearing committee.
After considering the evidence presented, the hearing committee concluded that petitioner has met his burden of proving that he is entitled to be reinstated to the practice of law, subject to his obtaining the *1280 mandatory continuing legal education ("MCLE") hours for 2008. Petitioner subsequently submitted documentary evidence indicating he obtained 12.5 hours of MCLE, including one hour of ethics and one hour of professionalism, on May 8, 2008.
Following its consideration of the matter, the disciplinary board agreed that petitioner proved by clear and convincing evidence that he satisfies the criteria for reinstatement. Accordingly, the board recommended to this court that petitioner be reinstated to the practice of law.
After considering the record in its entirety, we will adopt the disciplinary board's recommendation. Petitioner shall be reinstated to the practice of law.

DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that James H. Brown, Jr., Louisiana Bar Roll number 3563, be immediately reinstated to the practice of law in Louisiana. All costs of these proceedings are assessed against petitioner.