JOHNSON, J.,
dissents, and assigns reasons:
Li respectfully dissent. I would lift the interim suspension and impose no further discipline in this case.
On October 21, 2003, this Court removed Craig Hunter King from judicial office for *879 campaign related misconduct.[1] In that decree, this Court did not reserve to the Office of Disciplinary Counsel the right to institute lawyer disciplinary proceedings against Respondent, pursuant to Supreme Court Rule XIX, § 6(B) which provides in pertinent part:
... If a judge is removed from office or retired involuntarily by the court, the lawyer disciplinary agency should only exercise jurisdiction in the event the court reserves to the agency the right to pursue lawyer discipline in the final decree of the court in which the judge is removed from office, or retired involuntarily.
On May 18, 2007, Respondent pled guilty to conspiracy to commit public payroll fraud by permitting or encouraging his staff to participate in campaign activities on court time, and received a suspended six month sentence. Following the entry of the guilty plea, on June 26, 2007, the Office of Disciplinary Counsel obtained an order from this Court placing Respondent on interim suspension. On December 3, 2007, after completion of the six month period of probation imposed by the District Court, Respondent’s conviction was “set aside and the prosecution dismissed,” and his |2criminal record was expunged.[2]
On February 1, 2008, Respondent applied for dissolution of his interim suspension and reinstatement to the practice of law, based on the fact that he was acquitted by expungement of all criminal charges previously lodged against him, or alternatively, that an order be issued dissolving the interim suspension and reinstating him to the full practice of law pursuant to Supreme Court Rule XIX, § 19 which provides:
D. Automatic Reinstatement from Interim Suspension upon Reversal of Conviction.
An attorney will be reinstated immediately on the reversal of his conviction for a serious crime that has resulted in his suspension, but the reinstatement will not terminate any disciplinary proceedings then pending against the attorney.
The Office of Disciplinary Counsel opposed the automatic reinstatement, and instead filed formal charges against Respondent premised upon the previously adjudicated misconduct, despite the prohibition of Supreme Court Rule XIX, § 6(B) that precludes pursuit of lawyer discipline when not specifically reserved in a final decree, and despite the fact that Respondent’s conviction had been legally expunged.
The majority couches its current ruling in terms of finding a violation of Rule [38.4 of the Louisiana Rules of Professional Conduct, and in doing so, ignores the fact that this violation is based on the very same misconduct for which Respondent *880 has already been disciplined by removal from his judicial office. This Court’s decree disregards the legal result of ex-pungement, the principles of double jeopardy, and the specific language of Supreme Court Rule XIX, § 6(B).
This Court has disregarded its own jurisprudence with regard to conditional pleas pursuant to La. R.S. 40:983. In Louisiana State Bar Association v. Reis, 518 So.2d 1173 (La.1987), Reis entered a conditional plea after being charged under Section LSA-R.S. 40:967(C) with possession of cocaine. Upon completion of his probationary period, the district court entered an order under the terms of the statute dismissing the proceedings against him. This Court held the dismissal of the prosecution in the district court was “tantamount to an acquittal” and could not be used to form the basis of disciplinary charges such as illegal conduct, moral turpitude, or conduct adversely reflecting on his fitness to practice law.
This Court has handed down an excessively harsh discipline to a former member of the judiciary, who has not been the subject of previous disciplinary charges, and who, at the time of the misconduct, was a relatively inexperienced judge. An examination of our jurisprudence shows that disbarment is not the appropriate discipline for the charged misconduct. There are many examples where this court has showed leniency following an attorney’s felony conviction and has imposed a period of suspension, rather than disbarment. In re Steinhardt, 04-0011 (La.9/9/04), 883 So.2d 404, the respondent attorney who was arrested in Texas, driving a vehicle with over eight pounds of marijuana stored in the trunk. Although charged with a felony in Texas, Ms. Steinhardt was allowed to pled to a lesser charge, and sentenced to two years probation. Despite the comparatively light sentence she received for this |4 criminal conduct, this Court imposed only a three year suspension from the practice of law with two of the three years deferred. Likewise, In re Vaughn, 97-1862 (La.9/19/97), 701 So.2d 145, the respondent attorney was suspended from the practice of law for a period of three years based on his federal felony conviction for three counts of mail fraud. Similarly, in In re Cleveland, 06-1745 (La.7/13/06), 933 So.2d 793, the respondent attorney was suspended from the practice of law for three years based upon his federal felony conviction for tax conspiracy and aiding and abetting the filing of a false tax return. Additionally, former Insurance Commissioner Jim Brown was suspended from the practice of law for three years based upon his federal conviction for making false statements to federal investigators. In re Brown, 990 So.2d 1279 (La.2008). In all of the above cited cases involving felony criminal convictions, the respondent lawyers were given a period of suspension, rather than disbarment.
CONCLUSION
In my view, disbarment in this case is excessively harsh, and without precedent.
VICTORY, ¿.,
dissenting.
_JjMy office wrote King I for the Court. In the opinion, the Court deliberately chose not to reserve the right to institute lawyer disciplinary proceedings against King with the Office of Disciplinary Counsel. Although Louisiana Supreme Court XIX Section 6(B) does not deprive the ODC of the right to institute lawyer disciplinary proceedings under these circumstances, it does say the agency “should” not do so.
Further, I do not agree with the majority’s reasoning that King is now only being disciplined for the conviction of a crime after King I was rendered. In King I the *881 conduct for which he was removed from office was described in great detail and part of that conduct constituted the crime for which he was convicted. Therefore, under all of these circumstances, I would lift the interim suspension and not discipline King any further.

. In re: King, 03-1412 (La. 10/21/03), 857 So.2d 432 (King I).

. LSA-R.S. 40:983 then provided, in pertinent part, that:
Whenever any person who has not previously been convicted of any offense under this part pleads guilty to or is convicted of having violated R.S. 40:966 C, 40:967 C, 40:968 C, 40:969 C, 40:970 C of this part, and when it appears that the best interests of the public and of the defendant will be served, the court may, without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation upon such reasonable terms and conditions as may be required.
Discharge and dismissal under this section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for second or subsequent convictions under R.S. 40:982.