ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
' 11 This disciplinary matter arises from formal charges filed by the Office of Disci *303 plinary Counsel (“ODC”) against respondent, William Harrell Arata, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS AND PROCEDURAL HISTORY
On April 5, 2012, respondent was arrested by agents of the U.S. Drug Enforcement Administration for possession of opiates, a felony. On April 9, 2012, respondent entered Palmetto Addiction Recovery Center to be evaluated. On that day, he provided a hair sample for drug testing and tested positive for cocaine and hydrocodone, an opiate. During the evaluation, respondent indicated that his drug of choice was Vicodin. He also admitted to smoking marijuana twice a week approximately every two weeks for pain relief and insomnia. Additionally, he indicated that he tried cocaine in college and did not try it again until March 2012, when he used it one time. At the conclusion of the evaluation on April 12, 2012, respondent was diagnosed with opioid dependence and cocaine abuse.[1] Respondent subsequently entered a ninety-day recovery program at The Next Step at Pine Grove Behavioral Health & Addiction Services and successfully completed Lthe program in July 2012. On July 13, 2012, respondent signed a five-year recovery agreement with the Lawyers Assistance Program (“LAP”).
In July 2012, the ODC filed a petition in this court seeking respondent’s immediate interim suspension on the ground that he posed a threat to the public as a result of his April 5, 2012 arrest. In response to the petition, respondent admitted he had been arrested but denied he was a threat of harm to the public or his clients.
On July 27, 2012, we ordered respondent to show cause before a hearing committee why he should not be placed on interim suspension. The hearing committee conducted the hearing on September 13, 2012 and, on September 24, 2012, recommended to this court that the petition for interim suspension should be denied as respondent was not a threat of harm to the public. On October 12, 2012, we denied the petition for interim suspension. In re: Arata, 12-1729 (La.10/12/12), 99 So.3d 29. However, we further ordered that
respondent shall fully and completely adhere to all terms of the recovery agreement he executed with the Lawyers Assistance Program, and such other conditions as may be imposed upon him by the Lawyers Assistance Program. The Office of Disciplinary Counsel shall monitor respondent’s compliance with his recovery agreement and notify this court of any violation, which may be grounds for placing respondent on disability inactive status, or interim suspension, as appropriate.
Following his arrest, respondent was placed into a diversion program by the Washington Parish District Attorney’s Office. After successfully completing the diversion program in June 2013, the criminal charges against him were dismissed.
DISCIPLINARY PROCEEDINGS
In February 2013, the ODC filed formal charges against respondent, alleging that his conduct violated Rules 8.4(a) (violation of the Rules of Professional Conduct) and 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer) of the Rules of ^Professional Conduct. Re *304 spondent, through counsel, answered the formal charges, and the matter was set for a formal hearing before the hearing committee.
Respondent called several character witnesses to testify before the committee, including his AA sponsor, his substance abuse counselor, and Buddy Stockwell, the Executive Director of LAP. All of these witnesses testified that respondent is in full compliance with his LAP agreement. Respondent also testified on his own behalf and on cross-examination by the ODC. In his testimony, respondent admitted that he illegally received pain medication from a nurse on the day he was arrested, indicating that he used opiates without a prescription for a few months before his arrest. He also admitted to previously using cocaine and marijuana, indicating that he only used cocaine one time but used marijuana over a period of time to help manage his pain. He acknowledged the wrongfulness of his misconduct, accepted full responsibility, and expressed remorse. He also indicated that he is in compliance with his LAP agreement and, if he had known about LAP earlier, he would have voluntarily joined it sooner.

Hearing Committee Report

Considering the evidence and testimony presented at the hearing, the hearing committee found that respondent violated Rule 8.4(b) of the Rules of Professional Conduct. The committee further determined that respondent knowingly and intentionally violated duties owed to the legal profession. However, none of respondent’s clients were harmed and none complained. According to respondent, his clients have remained loyal, and his law practice has not suffered.
The committee also noted that respondent has taken an active role in AA meetings and is doing well in his current LAP agreement. Furthermore, respondent’s use of drugs and controlled medication was not disputed. According |4to respondent, his use of drugs was a result of lifelong pain and medical issues. Respondent also views his arrest as a positive occurrence in his life and is using it as a “wakeup call.”
In aggravation, the committee found that respondent’s behavior reflected negatively on the legal profession in that his criminal act made headline news in the local newspaper. Additionally, respondent admitted that he knew he was engaging in a criminal act but that he did not care because of his need for the drugs.
In mitigation, the committee found that the personal problems that caused respondent’s drug abuse have apparently been resolved, and he is making a good attempt at staying sober. Additionally, no client was harmed, and respondent’s legal practice does not appear to have been affected in any way. Furthermore, respondent is fully aware that self-medicating is not appropriate.
Under these circumstances, the committee recommended that respondent be suspended from the practice of law for three years, fully deferred, subject to the following conditions:
1. Respondent shall complete all terms and conditions of his LAP agreement;
2. Respondent shall sign a new five-year LAP agreement;
3. Respondent shall continue to attend AA for the same period of time;
4. Respondent shall bear all costs through completion during the required period of time; and
5. If respondent should violate any of the above conditions, then the deferment shall be rescinded.
Both respondent and the ODC objected to the hearing committee’s recommenda *305 tion only in that it did not include a concurrent five-year period of probation to coincide with the new LAP agreement.
| ^Disciplinary Board Recommendation
After review, the disciplinary board determined that respondent admitted he engaged in criminal conduct as alleged by the ODC. As such, respondent violated Rules 8.4(a) and 8.4(b) of the Rules of Professional Conduct.
The board also determined that respondent knowingly and intentionally violated duties owed to the public and the legal profession. His conduct resulted in serious harm to the legal profession and potentially serious harm to his clients and the public. After considering the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that the baseline sanction is suspension.
In aggravation, the board found a prior disciplinary record,[2] a pattern of misconduct, and substantial experience in the practice of law (admitted 1995). In mitigation, the board found the following: full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, character or reputation, mental disability or chemical dependency including alcoholism or drug abuse, and remorse.
After further considering this court’s prior jurisprudence addressing similar misconduct, the board recommended that respondent be suspended from the practice of law for three years, fully deferred, subject to the requirement that respondent enter into a new five-year LAP agreement. The board further recommended that respondent be subject to a five-year period of probation to coincide with his new LAP agreement.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
| (¡DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
In this matter, respondent admitted to illegally buying opiates. He also admitted to using marijuana approximately one to two times every two weeks and admitted to using cocaine one time in March 2012. In light of these admissions, respondent has violated the Rules of Professional Conduct as alleged.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana *306 State Bar Ass’n v. Reís, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
We agree with the disciplinary board that respondent knowingly and intentionally violated duties owed to the public and the legal profession. His conduct resulted in harm to the legal profession and potential harm to his clients 17and the public. We also agree that the baseline sanction is suspension. The record supports the aggravating and mitigating factors found by the board.
In determining the appropriate sanction in this case, we begin with the well-recognized proposition that chemical dependency may cause an attorney to commit acts of professional misconduct that would not have occurred but for his impairment. Louisiana State Bar Ass’n v. Longenecker, 538 So.2d 156,163 (La.1988) (on rehearing). When there is an obvious causal connection between the substance abuse and the misconduct, and the attorney has made meaningful efforts to address his problem, we have often chosen to impose a more lenient sanction than would otherwise be called for. See, e.g., In re: Williams, 10-1972 (La.1/7/11), 52 So.3d 864 (attorney suspended from the practice of law for three years, with eighteen months deferred, for misconduct including his conviction of possession of cocaine; the attorney’s drug addiction contributed to his misconduct, but he sought treatment and signed a LAP contract); In re: Steinhardt, 04-0011 (La.9/9/04), 883 So.2d 404 (attorney suspended for three years, with two years deferred, following her conviction of possession of marijuana; the mitigating circumstances included her successful recovery from her marijuana addiction and her entry into a recovery agreement with LAP); In re: Doyle, 07-2015 (La.4/4/08), 978 So.2d 904 (baseline sanction for the attorney’s misconduct, including conversion of client and third-party funds, was unquestionably disbarment, but the mitigating circumstances surrounding his successful recovery from an addiction to drugs and alcohol warranted a downward deviation from the baseline to a three-year suspension).
Here, it is abundantly clear that respondent’s misconduct is directly related to his opioid dependence. However, respondent has demonstrated a meaningful and sustained period of successful rehabilitation from his chemical dependency, and we believe his recovery has made a recurrence of his misconduct very | ^unlikely. Notably, respondent has been drug-free for more than two years since completing the treatment program at Pine Grove. He has also been subject to a LAP agreement since July 2013, and the director of the program reports that respondent’s performance under the agreement has been exemplary to date.
Under these circumstances, the ABA’s Standards for Imposing Lawyer Sanctions emphasizes that “the greatest weight” should be assigned to the mitigating factor of chemical dependency. We conclude that this mitigating factor, along with the other such factors present in this case, justifies a full deferral of the baseline sanction of suspension.
Accordingly, we will accept the board’s recommendation and suspend respondent from the practice of law for three years, fully deferred, subject to his successful completion of a five-year period of probation to coincide with a newly executed five-year LAP agreement. We caution respondent that any violation of the conditions of probation, or any misconduct during the *307 probationary period, may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that William Harrell Arata, Louisiana Bar Roll number 23431, be and he hereby is suspended from the practice of law for three years. This suspension shall be deferred in its entirety, subject to respondent’s successful completion of a five-year period of probation to coincide with a newly executed five-year LAP agreement. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
JOHNSON, C.J., dissents.
VICTORY, J., dissents and assigns reasons.
CLARK, J., dissents.

. The evaluation also revealed that respondent "has a long history of chronic pain related to his hemophilia” and "has become physiologically dependent on opiates as a result of efforts to treat his pain.”

. In 1999, respondent entered into the Louisiana State Bar Association’s diversion program after a client filed a disciplinary complaint against him. In 2011, respondent received an admonition for failing to provide a client with a clearly written contingency fee agreement.