ATTORNEY DISCIPLINARY PROCEEDING
PER CURIAM
11 Pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel *224 (“ODC”) has filed a petition seeking the imposition of reciprocal discipline against respondent, G. Allen Walsh, an attorney licensed to practice law in Louisiana, based upon discipline imposed by the Board of Professional Responsibility of the Supreme Court of Tennessee.
UNDERLYING PACTS AND PROCEDURAL HISTORY
Respondent is not licensed to practice law in Tennessee. Nevertheless, he filed numerous eviction cases in a Tennessee Court on behalf of his client. On April 19, 2016, the Board of Professional Responsibility of the Supreme Court of Tennessee issued an order publicly censuring respondent for violating Rule 5.5 (engaging in the unauthorized practice of law) of the Tennessee Rules of Professional Conduct.
After receiving notice of the Tennessee order of discipline, the ODC filed a motion to initiate reciprocal discipline proceedings in Louisiana, pursuant to Supreme Court Rule XIX, § 21. A certified copy of the decision and order of the Board of Professional Responsibility of the Supreme Court of Tennessee was attached to the motion. On May 16, 2016, this court rendered an order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted.
Un response to the court’s order, respondent indicates that, in March 2015, he purchased an apartment complex in Tennessee through his family’s trust, an LLC, of which he is both the sole trustee and beneficiary. When appearing before the Tennessee court in eviction proceedings, respondent formally introduced himself to the presiding judge as a Louisiana attorney, and no issue was raised at that time as to the appropriateness of him representing the LLC, even though he is not licensed to practice law in Tennessee.
Following the eviction hearing in one eviction proceeding, the tenant contacted the Memphis Housing Authority, which in turn led to a local judge filing a disciplinary complaint against respondent with the Board of Professional Responsibility for the Supreme Court of Tennessee. After a hearing in the matter conducted in March 2016, the Tennessee Board proposed that respondent be publicly censured.
Respondent apologizes for his misconduct and indicates he never intended to violate or circumvent the rules of court in Tennessee. Upon learning of the issue, he immediately hired a Tennessee attorney to handle all of the LLC’s eviction proceedings. He has not appeared as an attorney in any Tennessee court since that time.
DISCUSSION
The standard for imposition of discipline on a reciprocal basis is • set forth in Supreme Court Rule XIX, § 21(D). That rule provides:
Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline ... unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
¡¡(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent *225 with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; ...
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.
The record indicates that respondent’s actions, while improper, were done in good faith, caused no actual harm, and did not represent an intentional attempt to engage in the practice of law in Tennessee. Respondent has been censured by the Supreme Court of Tennessee for his actions in that state and has represented to this court that he will not engage in similar misconduct in the future. We further note that respondent has been admitted to the practice of law in Louisiana for over forty years and has an unblemished disciplinary record during that time.
Considering the totality of these circumstances, we do not find the imposition of additional discipline in Louisiana is necessary. See, e.g., In re: Hartley, 03-2828 (La. 4/2/04), 869 So.2d 799 (holding that not every violation of the Rules of Professional Conduct warrants the imposition of formal discipline). Accordingly, while we caution respondent to avoid similar professional lapses in the future, we decline to impose any discipline based on the unique facts presented in this matter.
J^DECREE
Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that no discipline be imposed upon respondent.
CLARK, J., dissents and assigns reasons.