*709
 
 PER CURIAM.
 
 *
 

 | pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel (“ODC”) has filed a petition seeking the imposition of reciprocal discipline against respondent, Steven L. Rushing, an attorney licensed to practice law in the States of Louisiana and Texas, based upon discipline imposed in Texas.
 

 UNDERLYING FACTS AND PROCEDURAL HISTORY
 

 On July 15, 2011, respondent was suspended from the practice of law in Texas for twenty-four months, with twelve months of said suspension to be probated with conditions.
 
 Commission for Lawyer Discipline v. Rushing,
 
 No. 2010-2664 on the docket of the 124th District Court of Gregg County, Texas. The specific misconduct forming the basis of respondent’s disciplinary proceeding is not discussed in the court’s opinion; however, the court found he “committed professional misconduct ... in violation of Rules 1.01(b)(1) [a lawyer shall not neglect a legal matter]; 1.03(a) [a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information]; 3.04(d) [a lawyer shall not knowingly disobey, or advise the client to disobey, an obligation under the standing rules of or a ruling by a tribunal]; and 8.04(a)(3) [a lawyer shall not engage in conduct involving dishonesty, fraud, deceit 12or misrepresentation], of the Texas Disciplinary Rules of Professional Conduct; Article X, Section 9, of the State Bar Rules.”
 

 After receiving notice of the Texas order of discipline, the ODC filed a motion to initiate reciprocal discipline proceedings in Louisiana, pursuant to Supreme Court Rule XIX, § 21. A certified copy of the decision and order of the Texas court was attached to the motion. On September 15, 2011, this court rendered an order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted. Respondent failed to file any response in this court.
 

 DISCUSSION
 

 The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D), which provides:
 

 Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline or disability inactive status unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that
 

 (1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
 

 (2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
 

 (3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
 

 | o(4) The misconduct established warrants substantially different discipline in this state; or
 

 
 *710
 
 (5) The reason for the original transfer to disability inactive status no longer exists.
 

 In determining the appropriate measure of reciprocal discipline, we are not required to impose the same sanction as that imposed by the state in which the misconduct occurred. Nevertheless, only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction.
 
 In re: Aulston,
 
 05-1546 (La.1/13/06), 918 So.2d 461.
 
 See also In re Zdravkovich,
 
 831 A.2d 964, 968-69 (D.C.2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”).
 

 Applying the factors set forth in Rule XIX, § 21(D), we see no reason to deviate from the sanction imposed by our sister state. There is little doubt that respondent’s conduct would warrant discipline in Louisiana, given that he neglected a legal matter, failed to communicate with a client, disobeyed an obligation to a tribunal, and engaged in dishonest or deceitful conduct. Under these circumstances, we agree that a suspension is warranted.
 

 Accordingly, we will impose the same discipline against respondent as was imposed in Texas.
 

 DECREE
 

 Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that Steven L. Rushing, Louisiana Bar Roll number 19767, be and he hereby is suspended from the practice of law for a period of twenty-four months. It is further ordered that twelve months of this suspension shall be deferred, subject to the |4terms of probation set forth by the court in
 
 Commission for Lawyer Discipline v. Rushing,
 
 No. 2010-2664 on the docket of the 124th District Court of Gregg County, Texas. Any violation of the terms of probation may result in the deferred suspension becoming executory, or imposition of different discipline, as appropriate.
 

 *
 

 Chief Justice Kimball not participating in the opinion.