*285 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
| ¶ Pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel (“ODC”) has filed a petition seeking the imposition of reciprocal discipline against respondent, Steven L. Rushing,[1] an attorney licensed to practice law in the States of Louisiana and Texas, based upon discipline imposed in two separate proceedings in Texas.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In November 2000, Loyd Watts hired respondent to file a civil suit on his behalf. Respondent subsequently failed to file the suit and failed to communicate with Mr. Watts. When respondent did communicate with his client, he misrepresented to him that he was trying to get the case set for trial when it had not been filed in the first instance. In December 2010, Mr. Watts terminated respondent’s representation and requested the return of his file; however, respondent failed to comply with his client’s request. On March 12, 2012, respondent was suspended from the practice of law in Texas for four years based |?upon his misconduct in the Watts matter. Commission for Lawyer Discipline v. Rushing, No. 2011-2704-A on the docket of the 188th District Court of Gregg County, Texas.[2]
Additional disciplinary proceedings were instituted against respondent arising out of his representation of Catherine Vick. In that matter, respondent was retained in 2002 to represent Ms. Vick in a medical malpractice case. Respondent filed suit on behalf of Ms. Vick in July 2003. Thereafter, he performed little or no work in the case and failed to properly communicate with his client. When respondent did communicate with Ms. Vick, he advised her that he was working on the case and that a settlement offer would soon be forthcom *286 ing. However, in 2009, Ms. Vick learned through another attorney that her suit had been abandoned and dismissed for want of prosecution in 2005. Respondent failed to comply with his client’s request to return her file. On May 10, 2012, respondent was suspended from the practice of law in Texas for six years, with three years of said suspension to be probated with conditions, based upon his misconduct in the Vick matter. Commission for Lawyer Discipline v. Rushing, No. 2010-2096-A on the docket of the 188th District Court of Gregg County, Texas.[3]
After receiving notice of the Texas orders of discipline, the ODC filed a motion to initiate reciprocal discipline proceedings in Louisiana, pursuant to Supreme Court Rule XIX, § 21. Certified copies of the decisions and orders of the Texas court were attached to the motion. On June 4, 2012, this court rendered an order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted. Respondent failed to file any response in this court.
IsDISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D). That rule provides:
Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline ... unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; ...
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.
In the instant case, more than thirty days have passed since the date respondent was served with notice of the ODC’s motion to initiate reciprocal disciplinary proceedings. Respondent has not filed any objections in this court alleging any jurisdictional infirmities or lack of due process in the Texas proceedings, nor do we discern any such defects from our review of the record. Accordingly, we find the requirements of Supreme Court Rule XIX, § 21(D)(1) and (2) are satisfied.
The sole remaining inquiry under Supreme Court Rule XIX, § 21(D)(3) and (4) is whether the imposition of the same dis *287 cipline imposed by Texas would result |4in grave injustice or be offensive to the public policy of Louisiana, or whether the misconduct at issue would warrant substantially different discipline in Louisiana.
In addressing these factors, we note that respondent faced two separate disciplinary proceedings in Texas, both based upon very similar misconduct which occurred in the same time frame. Respondent neglected the legal matters of two clients, failed to communicate with his clients, made misrepresentations to the clients concerning the status of their case, and failed to return the clients’ files to them upon request or upon termination of the representation. For his misconduct in the Watts and Vick matters, respondent has been suspended from the practice of law in Texas for four years and six years, respectively, with three years of the six-year suspension deferred subject to probation.[4]
We believe the sanction imposed in Texas is harsh, however, we cannot say that reciprocal discipline should not be imposed. In reaching this conclusion, we point out that reciprocal disciplinary matters involve unique considerations. Our jurisprudence recognizes that “only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction.” In re: Aulston, 05-1546, p. 6 (La.1/13/06), 918 So.2d 461, 464. [Emphasis added.] A common theme of our reciprocal disciplinary cases is deference to the decisions made by the sister state with which we share authority over the respondent. See In re: Kanwal, 09-2192, p. 3 (La.12/18/09), 24 So.3d 189,191 (“we find it appropriate to defer to the determination made by Colorado, with which we share authority over respondent”); see also In re: Zdravkovich, 831 A.2d 964, 968-69 (D.C.2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”).
| a Under these circumstances, we believe it is appropriate to defer to the Texas judgments imposing discipline upon respondent. Accordingly, we will impose reciprocal discipline in the form of a four-year suspension and a six-year suspension, with three years deferred, even though Louisiana has no exact equivalent.[5]
DECREE
Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that respondent, Steven L. Rushing, Louisiana Bar Roll number 19767, be suspended from the practice of law for a period of four years, beginning on November 15, 2012 and ending on November 14, 2016. It is further ordered that beginning on November 15, 2016, respondent shall be suspended from the practice of law for a period of six years. Three years of the six-year suspension shall be deferred, subject to the terms of probation set forth by the court in Commission for Lawyer Discipline v. Rushing, No. 2010-2096-A on the docket of the 188th District Court of Gregg County, Texas. Any violation of the terms of probation may result in the deferred portion *288 of the suspension becoming executory, or the imposition of different discipline, as appropriate.

 Chief Justice Kimball not participating in the opinion.

. Respondent was admitted to the practice of law in Louisiana in 1989, but he has been ineligible to practice since September 9, 2009 for failure to pay his bar dues and the disciplinary assessment. Respondent is also ineligible for failure to comply with the mandatory continuing legal education requirements and for failure to file a trust account disclosure form.
On November 18, 2011, we imposed reciprocal discipline upon respondent in the form of a twenty-four month suspension from the practice of law, with twelve months deferred, based upon discipline imposed in Texas. In re: Rushing, 11-1995 (La. 11/18/11), 74 So.3d 708.

. The court’s order specified that respondent's suspension would begin on November 15, 2012 and end on November 14, 2016.

. The court’s order specified that respondent’s active suspension would begin on November 15, 2016 and continue to November 14, 2019, and that his probated suspension would begin on November 15, 2019 and continue to November 14, 2022.

. Louisiana does not have any procedural equivalent to either the four- or six-year suspension imposed in Texas. To the contrary, Supreme Court Rule XIX, § 10(A)(2) does not permit a suspension in excess of three years.