ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
I,This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respon *139 dent, Steven L. Rushing, an attorney licensed to practice law in Louisiana, but currently suspended from practice.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history.
Respondent was admitted to the practice of law in Louisiana in 1989. He is also a member of the Texas Bar. Respondent has been the subject of two reciprocal discipline proceedings in Louisiana based upon discipline imposed against him in Texas. In In re: Rushing, 11-1995 (La.11/18/11), 74 So.3d 708 (“Rushing I”), respondent was suspended from the practice of law for twenty-four months, with twelve months deferred, for neglect of a legal matter, failure to communicate with a client, knowing disobedience of an obligation under the rules of a tribunal, and conduct involving dishonesty, fraud, deceit or misrepresentation. In In re: Rushing, 12-1172 (La.9/14/12), 98 So.3d 284 (“Rushing II”), respondent was suspended from the practice of law for four years (beginning November 15, 2012 and ending November 14, 2016) and, separately, suspended from the practice of law for six years, with three years deferred (beginning November 15, 2016), for- neglect of two legal matters, failure to communicate with his clients, making | misrepresentations to the clients concerning the status of their cases, and failing to return the clients’ files to them upon request or upon termination of the representation. Respondent remains suspended in Louisiana at this time.
Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
FORMAL CHARGES
In February 2013, in the United States District Court for the Eastern District of Texas, respondent was charged in a bill of information with one count of mail fraud in violation of 18 U.S.C. § 1341. The bill of information alleged that between January 2007 and December 2011, respondent devised a scheme to defraud insurance companies and medical providers and used the United States mail to execute the scheme. Respondent allegedly negotiated settlements on behalf of clients whom he represented in personal injury matters. While negotiating final settlement amounts, respondent would represent to his clients and the insurers that he would use a portion of the settlement proceeds to pay some or all of the client’s outstanding medical bills. In reliance upon these representations, and a release of claims executed by respondent’s client, the insurer would send a check to respondent’s office. After receiving the check, respondent would deposit it into his account and disburse his client’s portion of the settlement. Respondent would also execute checks payable to his client’s medical providers, but he did not actually send these checks to the providers and instead converted that portion of the settlement to his own use.
On February 15, 2013, respondent pleaded guilty as charged. In the factual basis, respondent acknowledged that on June 20, 2011, he sent a letter to Farmers Insurance representing that he would use funds from a proposed settlement on behalf of a client to satisfy “any and all hospital, health insurance, and/or | sMedicaid/Medicare liens and/or billing” in order to secure a settlement in the amount of $6,836.00, when in fact, he did not intend to, nor did he ever, pay his client’s liens with the settlement proceeds.
DISCIPLINARY PROCEEDINGS
In August 2013, the ODC filed one count of formal charges against respondent, alleging that his conduct as set forth above *140 violated Rules 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer) and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct.
Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee determined the factual allegations of the formal charges were admitted and proven by clear and convincing evidence, and that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The committee found respondent violated duties owed to his clients, the public, and the profession. His conduct was intentional and caused substantial harm to his clients and the third-party medical providers. The committee further ^determined that under the ABA’s Standards for Imposing Lawyer Sanctions, the applicable baseline sanction is disbarment.
The committee found no mitigating factors are present. In aggravation, the committee found: a prior disciplinary record, a dishonest or selfish motive, vulnerability of the victim, substantial experience in the practice of law, and indifference to making restitution.
Considering respondent’s misconduct in light of the permanent disbarment guidelines and the prior jurisprudence of this court, the committee recommended he be permanently disbarred.
Neither respondent nor the ODC filed an objection to the committee’s report.

Disciplinary Board Recommendation

After review, the disciplinary board determined the hearing committee’s factual findings in this deemed admitted matter are supported by the factual allegations in the formal charges and/or by the evidence submitted in support of those allegations. The board also found respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The board determined that respondent knowingly, if not intentionally, violated duties owed to his clients and the profession. He caused actual and potential injury to his client and the healthcare providers by converting funds meant to pay the healthcare providers out of a settlement. The applicable baseline sanction is disbarment.
The board adopted the aggravating factors found by the committee. The board agreed that no mitigating factors are present.
| .^Considering respondent’s misconduct in light of the permanent disbarment guidelines and the prior jurisprudence of this court, the board recommended he be permanently disbarred.
Neither respondent nor the ODC filed an objection to the board’s recommendation.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). When the disciplinary proceedings involve an attorney who has been convicted of a crime, *141 the conviction is conclusive evidence of guilt and the sole issue presented is whether respondent’s crimes warrant discipline, and if so, the extent thereof. Supreme Court Rule XIX, § 19(E); In re: Boudreau, 02-0007 (La.4/12/02), 815 So.2d 76; Louisiana State Bar Ass’n v. Wilkinson, 562 So.2d 902 (La.1990). The discipline to be imposed in a given case depends upon the seriousness of the offense, the circumstances of the offense, and the extent of the aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Perez, 550 So.2d 188 (La.1989).
Here, respondent stands convicted of mail fraud stemming from a scheme to convert settlement funds earmarked to pay his clients’ medical providers. This crime is a felony under federal law and clearly warrants serious discipline. Indeed, in their respective reports, the hearing committee and the disciplinary board have concluded that respondent’s offenses are so egregious that he should be permanently prohibited from applying for readmission to the bar.
We agree. In Appendix E to Supreme Court Rule XIX, we set forth guidelines illustrating the types of conduct which might warrant permanent disbarment. For purposes of the instant case, Guideline 9 is relevant. That guideline provides:
|fiGUIDELINE 9. Instances of serious attorney misconduct or conviction of a serious crime, when the misconduct or conviction is preceded by suspension or disbarment for prior instances of serious attorney misconduct or conviction of a serious crime. Serious crime is defined in Rule XIX, Section 19. Serious attorney misconduct is defined for purposes of these guidelines as any misconduct which results in a suspension of more than one year.
Respondent was convicted in February 2013 of a serious crime, mail fraud, as defined by Rule XIX, § 19. This conviction was preceded by the two separate suspensions imposed against respondent in our 2012 opinion in Rushing II, both of which exceeded one year in length. Therefore, Guideline 9 is applicable.
Based on this reasoning, we find permanent disbarment is the appropriate sanction in this case. Accordingly, we will accept the disciplinary board’s recommendation and permanently disbar respondent.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Steven L. Rushing, Louisiana Bar Roll number 19767, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.