*190
 
 ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 

 | pursuant to Supreme Court Rule XIX, § 21(A), the Office of Disciplinary Counsel (“ODC”) filed this reciprocal discipline proceeding against respondent, Ravindra Kanwal, an attorney licensed to practice law in the States of Louisiana and Colorado, based upon discipline imposed by the Supreme Court of Colorado.
 

 UNDERLYING FACTS AND PROCEDURAL HISTORY
 

 Between 1999 and June 2009, respondent engaged in the practice of immigration law, filing in excess of 4,700 applications or petitions seeking immigration benefits for clients. However, respondent himself was illegally present in the United States during this time, as he did not have lawful immigration status and did not have authorization for employment in this country from U.S. immigration authorities. Respondent was disciplined by the United States Department of Justice Executive Office of Immigration Review on July 8, 2009. On July 21, 2009, the Supreme Court of Colorado suspended respondent from the practice of law in that state for one year and one day, subject to the following special condition of reinstatement:
 

 Respondent cannot file for reinstatement until he receives an order from the United States Government giving him permanent lawful immigration status and he has current authorization for employment issued by USCIS and DHS. If the employment authorization granted to Respondent, if any, is time limited, then Respondent must provide to the 12People, a copy of his application for extension of employment authorization.
 

 After receiving the Colorado order of discipline, the ODC filed a motion to initiate reciprocal discipline in Louisiana, pursuant to Supreme Court Rule XIX, § 21. Attached to the petition was a certified copy of the order of the Supreme Court of Colorado. On October 8, 2009, we rendered an order giving respondent thirty days to raise any claim, predicated upon the grounds set forth in Supreme Court Rule XIX, § 21(D), that the imposition of identical discipline in Louisiana would be unwarranted and the reasons for that claim. Respondent failed to file any response in this court.
 

 DISCUSSION
 

 The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D), which provides:
 

 D. Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline or disability inactive status unless disciplinary
 
 *191
 
 counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
 

 (1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
 

 (2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
 

 (3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or |s(4) The misconduct established warrants substantially different discipline in this state; or
 

 (5) The reason for the original transfer to disability inactive status no longer exists.
 

 In determining the appropriate measure of reciprocal discipline, we are not required to impose the same sanction as that imposed by the state in which the misconduct occurred. Nevertheless, only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction.
 
 In re: Aulston,
 
 05-1546 (La.1/13/06), 918 So.2d 461.
 

 Applying the factors set forth in Supreme Court Rule XIX, § 21(D), we see no reason to deviate from the sanction imposed by the Supreme Court of Colorado. Although we may well have imposed greater discipline if this misconduct had occurred in Louisiana, we find it appropriate to defer to the determination made by Colorado, with which we share authority over respondent.
 
 See, e.g., In re Zdravkovich,
 
 831 A.2d 964, 968-69 (D.C.2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”). Accordingly, we will impose reciprocal discipline of a one year and one day suspension pursuant to Supreme Court Rule XIX, § 21.
 

 DECREE
 

 Considering the motion for reciprocal discipline filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that Ravindra Kanwal, Louisiana Bar Roll number 18972, be suspended from the practice of law for a period of one year and one day.