| ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 Pursuant to Supreme Court Rule XIX, § 21(A), the Office of Disciplinary Counsel (“ODC”) filed this reciprocal discipline proceeding against respondent, Joseph W. Bailey, an attorney licensed to practice law in the States of Louisiana and Texas, based upon discipline imposed by the State Bar of Texas.
 

 UNDERLYING FACTS
 

 In July 1993, respondent was appointed Guardian
 
 Ad Litem
 
 for Antoinette Gardner for purposes of a pending lawsuit. The lawsuit ultimately settled for $40,000. On May 20, 1994, the court executed an Order to Allocate Funds, which required respondent to purchase an annuity for Ms. Gardner with the $13,000 issued to her from the settlement. However, respondent failed to follow the court order. In addition, respondent failed to safeguard Ms. Gardner’s funds by depositing and/or maintaining them in a trust or IOLTA account, and failed to provide an accounting of funds to Ms. Gardner. On December 7, 2009, the State Bar of Texas issued an order suspending respondent from the practice of law for six years, fully probated subject to conditions, based upon his misconduct in the Gardner matter. Among other conditions of the fully probated suspension, respondent was ordered to pay restitution to Ms. Gardner in the amount of $36,000.
 

 | DISCIPLINARY PROCEEDINGS
 

 After receiving the Texas order of discipline, the ODC filed a motion to initiate reciprocal discipline in Louisiana, pursuant to Supreme Court Rule XIX, § 21. Attached to the petition was a certified copy of the order of the State Bar of Texas. On March 2, 2010, we issued an order giving respondent thirty days to raise any claim, predicated upon the grounds set forth in Supreme Court Rule XIX, § 21(D), that the imposition of identical discipline in Louisiana would be unwarranted, and the reasons for that claim. Respondent failed to file any response in this court.
 

 DISCUSSION
 

 The standard for imposition of discipline on a reciprocal basis is set forth in Su
 
 *437
 
 preme Court Rule XIX, § 21(D). That rule provides:
 

 D. Discipline to be Imposed.
 

 Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline or disability inactive status unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
 

 (1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
 

 (2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
 

 (3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
 

 (4) The misconduct established warrants substantially different discipline in this state; or
 

 (5) The reason for the original transfer to disability inactive status no longer exists.
 

 |3In the instant case, more than thirty days have passed since the date respondent was served with notice of the ODC’s motion to initiate reciprocal disciplinary proceedings. Respondent has not filed any objections in this court alleging any jurisdictional infirmities or lack of due process in the Texas proceeding, nor do we discern any such defects from our review of the record. Accordingly, we find the requirements of Supreme Court Rule XIX, § 21(D)(1) and (2) are satisfied.
 

 The sole remaining inquiry under Supreme Court Rule XIX, § 21(D)(8) and (4) is whether the imposition of the same discipline imposed by Texas would result in grave injustice, be offensive to the public policy of Louisiana, or warrant substantially different discipline for similar misconduct in Louisiana.
 

 In addressing these factors, we note the exact nature of respondent’s misconduct is somewhat unclear based on the limited information contained in the Texas judgment. The crux of the misconduct seems to be respondent’s failure to safeguard $18,000 in client funds by failing to deposit these funds in a trust or IOLTA account. The Texas judgment further finds respondent did not render an accounting to his client. However, it is noteworthy the Texas judgment does not find respondent converted any client funds, although it does require respondent to make restitution in the amount of $36,000.
 

 A review of the Louisiana jurisprudence indicates there are not many cases involving failure to safeguard client funds without a corresponding finding of conversion. However, some guidance is provided by
 
 In re: Mayeux,
 
 99-3549 (La.5/16/00), 762 So.2d 1072, in which the attorney deposited his client’s settlement check into his collection account rather than his trust account, but did not convert the funds to his own use. Based on a finding of significant mitigating factors, including the lack of a dishonest or selfish motive and lack of harm, we publicly reprimanded the respondent in
 
 Mayeux.
 

 |4In the instant case, the Texas judgment does not discuss any aggravating or mitigating factors. Nonetheless, the fact that Texas imposed a fully-deferred suspension followed by probation suggests it did not find respondent’s conduct to be particularly egregious, which is not inconsistent with our holding in
 
 Mayeux.
 
 Under these circumstances, we cannot say the imposition of the fully-deferred six-year
 
 *438
 
 suspension imposed by Texas would result in grave injustice, be offensive to the public policy of Louisiana, or warrant substantially different discipline in Louisiana.
 

 In reaching this conclusion, we acknowledge Louisiana does not have any procedural equivalent to the six-year fully-deferred suspension imposed in Texas. To the contrary, Supreme Court Rule XIX, § 10(A)(2) does not permit a suspension in excess of three years.
 

 Nonetheless, reciprocal disciplinary matters involve unique considerations. We have recognized “only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction.”
 
 In re: Aulston,
 
 05-1546, p. 6 (La.1/13/06), 918 So.2d 461, 464. A common theme of our reciprocal disciplinary cases is deference to the decisions made by our sister state with which we share authority over the respondent.
 
 See In re: Kanwal,
 
 09-2192, p. 3 (La.12/18/09), 24 So.3d 189, 191 (“we find it appropriate to defer to the determination made by Colorado, with which we share authority over respondent”);
 
 see also In re: Zdravkovich,
 
 831 A.2d 964, 968-69 (D.C. 2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”).
 

 Under these circumstances, there is justification for deferring to the Texas judgment and imposing a fully-deferred six-year suspension, even though Louisiana Lilas no exact equivalent.
 
 [1]
 
 Accordingly, we will impose reciprocal discipline pursuant to Supreme Court Rule XIX, § 21.
 

 DECREE
 

 Considering the motion for reciprocal discipline filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that Joseph W. Bailey, Louisiana Bar Roll number 18773, be suspended from the practice of law for a period of six years. It is further ordered that this suspension shall be deferred in its entirety, subject to the terms of probation set forth by the State Bar of Texas in its order imposing discipline in
 
 In the Matter of Commission for Lawyer Discipline v. Joseph Wm. Bailey,
 
 No. DOO80732755. Any violation of the terms of probation may result in the deferred suspension becoming executory, or imposition of different discipline, as appropriate.
 

 *
 

 Chief Justice Kimball not participating in the opinion.
 

 [1]
 

 . Of course, this holding is limited to its unique facts, and should not be interpreted as providing support for imposition of a suspension in excess of three years in a non-reciprocal disciplinary context.