ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
11 Pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel (“ODC”) has filed a petition seeking the imposition of reciprocal discipline against respondent, John W. Alderman, III, an attorney licensed to practice law in the States of Louisiana and West Virginia, based upon discipline imposed by the Supreme Court of Appeals of West Virginia.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In 1994, shortly after his admission to the West Virginia State Bar, respondent began experiencing severe neck and chest pain due to complications from nerve damage to his throat and chest suffered during a biopsy of his lymph nodes. Due to this pain, respondent underwent a surgical procedure and began taking pain medications. He ultimately became addicted to Oxycontin.
In June 2009, respondent was charged with possession with intent to deliver 2.6 grams of cocaine. He pleaded guilty to a misdemeanor possession charge and received a ninety-day suspended sentence and unsupervised probation for a year. He also participated in a drug treatment program; however, he relapsed and continued to struggle with drug addiction.
From June 3, 2009 through October 1, 2010, respondent voluntarily ceased the practice of law in West Virginia and underwent substance abuse treatment. On September 1, 2009, respondent was charged with possession of a controlled 12substance and various traffic-related offenses. A search of respondent’s vehicle at that time revealed smoking pipes and the prescription drug Xanax. He was incarcerated for five days and received a thirty-day suspended sentence and unsupervised probation for a year.
On September 6, 2009, respondent voluntarily admitted himself to a ninety-day *546 drug treatment program in Nashville, Tennessee. He thereafter participated in an outpatient treatment program and remained in Nashville for approximately six months.
In October 2010, a disciplinary proceeding was instituted against respondent in West Virginia based upon his criminal convictions. A hearing was held in the matter in June 2011, during which multiple witnesses testified that respondent had been drug free since 2009, had caused no harm to clients, and had been extremely helpful to other individuals suffering from addictions. Following the proceedings, the Supreme Court of Appeals of West Virginia suspended respondent from the practice of law for two years, with one year served retroactively based upon his voluntary withdrawal from legal practice in 2009-2010 and one year held in abeyance pending two years of supervised probation with conditions.[1] Office of Disciplinary Counsel v. Alderman, 229 W.Va. 656, 734 S.E.2d 737 on the docket of the Supreme Court of Appeals of West Virginia (October 19, 2012).
After receiving notice of the West Virginia order of discipline, the ODC filed a motion to initiate reciprocal discipline proceedings in Louisiana, pursuant to Supreme Court Rule XIX, § 21. Certified copies of the decision and order of the Supreme Court of Appeals of West Virginia were attached to the motion. On December 19, 2012, we rendered an order giving respondent thirty days to ^demonstrate why the imposition of identical discipline in this state would be unwarranted. Respondent failed to file any response in this court.
DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D). That rule provides:
Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline ... unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; ...
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposi *547 tion of the same discipline is not appropriate.
In the instant case, more than thirty days have passed since the date respondent was served with notice of the ODC’s motion to initiate reciprocal disciplinary proceedings. Respondent has not filed any objections in this court alleging any jurisdictional infirmities or lack of due process in the West Virginia proceedings, nor do we discern any such defects from our review of the record. RAccordingly, we find the requirements of Supreme Court Rule XIX, § 21(D)(1) and (2) are satisfied.
The sole remaining inquiry under Supreme Court Rule XIX, § 21(D)(3) and (4) is whether the imposition of the same discipline imposed by West Virginia would result in grave injustice or be offensive to the public policy of Louisiana, or whether the misconduct at issue would warrant substantially different discipline in Louisiana.
In addressing these factors, we note that there is an obvious causal connection between respondent’s misconduct and his drug addiction. In addition, the record reveals that respondent has made a meaningful effort to address his addiction. Under similar circumstances, we have often chosen to defer a substantial part of the suspension the lawyer would otherwise face. See, e.g., In re: Williams, 10-1972 (La.1/7/11), 52 So.3d 864 (lawyer suspended from the practice of law for three years, with eighteen months deferred, for misconduct including his conviction of possession of cocaine; the lawyer’s drug addiction contributed to his misconduct, but he sought treatment and signed a recovery agreement with the Lawyers Assistance Program (LAP)); In re: Steinhardt, 04-0011 (La.9/9/04), 883 So.2d 404 (lawyer suspended for three years, with two years deferred, following her conviction of possession of marijuana; the mitigating circumstances included her successful recovery from her marijuana addiction and her entry into a recovery agreement with LAP).
This jurisprudence supports the imposition of reciprocal discipline. Moreover, reciprocal disciplinary matters involve unique considerations, and “only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction.” In re: Aulston, 05-1546, p. 6 (La.1/13/06), 918 So.2d 461, 464. [Emphasis added.] A common theme of our reciprocal disciplinary cases is deference to the decisions made by the sister state |5with which we share authority over the respondent. See In re: Kanwal, 09-2192, p. 3 (La.12/18/09), 24 So.3d 189, 191 (“we find it appropriate to defer to the determination made by Colorado, with which we share authority over respondent”); see also In re: Zdravkovich, 831 A.2d 964, 968-69 (D.C.2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”).
Under these circumstances, we believe it is appropriate to defer to the West Virginia judgment imposing discipline upon respondent. Accordingly, we will impose reciprocal discipline in the form of a two-year suspension, with one year served retroactively and one year deferred, subject to a period of probation with conditions.
DECREE
Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that respondent, John W. Alderman, III, Louisiana Bar Roll number 19285, be suspended from the practice of law for a period of two *548 years, one year served retroactively based on his voluntary withdrawal from legal practice and one year held in abeyance pending two years of supervised probation with the conditions set forth by the court in Office of Disciplinary Counsel v. Alderman, No. 35705 on the docket' of the Supreme Court of Appeals of West Virginia. Any violation of the terms of probation may result in the deferred portion of the suspension becoming executory, or the imposition of different discipline, as appropriate.

. The conditions included the following: (1) required daily attendance at twelve-step program meetings; (2) required regular counseling sessions; (3) thirty hours of service to the Lawyers Assistance Committee; (4) random drug screenings; (5) reimbursement to the disciplinary counsel for costs; and (6) a potential one-year suspension if respondent commits a substantial violation of the terms and conditions of his probation.