ATTORNEY DISCIPLINARY PROCEEDING
PER CURIAM.
|! Pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel *117 (“ODC”) has filed a petition seeking the imposition of reciprocal discipline against respondent, Darryl Brent Johnson, Jr., an attorney licensed to practice law in Louisiana and Missouri, based upon discipline imposed by the Supreme Court of Missouri.
UNDERLYING FACTS AND PROCEDURAL HISTORY
On March 25, 2014, the Supreme Court of Missouri entered an order finding respondent guilty of misconduct as a result of violations of Rules 4.1-7 (conflict of interest) and 4-1.15(c) (safekeeping property of clients or third persons) of the Rules of Professional Conduct.[1] In re: Darryl Brent Johnson, Jr., No. SC93707 on the docket of the Supreme Court of Missouri. The court ordered that respondent be suspended indefinitely from the practice of law and that no petition for reinstatement would be entertained for a period of six months from the date of the court’s order.
After receiving notice of the Missouri order of discipline, the ODC filed a motion to initiate reciprocal discipline proceedings in Louisiana, pursuant to | ¡.Supreme Court Rule XIX, § 21. A certified copy of the decision and order of the Supreme Court of Missouri was attached to the motion. On May 11, 2015, we rendered an order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted. Respondent failed to file any response in this court.
DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D). That rule provides:
Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline ... unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would,result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; ...
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.
In the instant case, more than thirty days have passed since the date respon *118 dent was served with notice of the ODC’s motion to initiate reciprocal disciplinary-proceedings. Respondent has not filed any objections in this court | .¡alleging any jurisdictional infirmities or lack of due process in the Missouri proceeding, nor do we discern any such defects from our review of the record. Accordingly, we find the requirements of Supreme Court Rule XIX, § 21(D)(1) and (2) are satisfied.
The sole remaining inquiry under Supreme Court Rule XIX, § 21(D)(3) and (4) is whether the imposition of the same discipline imposed by Missouri would result in grave injustice, be offensive to the public policy of Louisiana, or warrant substantially different discipline for similar misconduct in Louisiana.
In addressing these factors, we note the exact nature of respondent’s misconduct is somewhat unclear based on the limited information contained in the Missouri judgment. Nevertheless, accepting as true the information provided by the ODC in the motion to initiate reciprocal discipline proceedings, the crux of the misconduct seems to be that respondent engaged in a conflict of interest by showing his client lewd photographs and making suggestive sexual comments to her, and commingled his personal funds with trust funds in his operating account.
In our review of the Louisiana jurisprudence, we have been unable to find any cases involving a conflict of interest based solely upon a lawyer’s sexually suggestive comments towards a client. However, in eases involving consensual lawyer-client sexual relationships, we frequently impose suspensions in the range of three to nine months, all or part of which may be deferred. See, e.g., In re: Kendig, 14-1059 (La.6/20/14), 140 So.3d 1165 (one year and one day suspension, with all but six months deferred, followed by probation); In re: Becnel, 12-2139 (La.11/2/12), 99 So.3d 1005 (nine-month suspension); In re: Adams, 09-2246 (La.12/11/09), 23 So.3d 894 (ninety-day suspension, fully deferred subject to conditions); In re: Prendergast, 09-2346 (La.12/11/09), 23 So.3d 894 (ninety-day suspension, fully deferred subject to conditions); In re: Ryland, 08-0273 (La.6/6/08), 985 So.2d 71 (ninety-day suspension, fully deferred).
|4In the case of respondent’s commingling of client and personal funds, we note there is not a corresponding finding of conversion. Our review of the Louisiana jurisprudence indicates there are not many cases involving failure to safeguard client funds without a corresponding finding of conversion. However, some guidance is provided by In re: Mayeux, 99-3549 (La.5/16/00), 762 So.2d 1072, in which the attorney deposited his client’s settlement check into his collection account rather than his trust account, but did not convert the funds to his own use. Based on a finding of significant mitigating factors, including the lack of a dishonest or selfish motive and lack of harm, we publicly reprimanded the respondent in Mayeux.
In the instant case, the Missouri judgment does not discuss any aggravating or mitigating factors. Nonetheless, the fact that Missouri suspended respondent indefinitely but granted him leave to apply for reinstatement in six months perhaps suggests it did not find his conduct to be particularly egregious, which is not inconsistent with our holding in Mayeux and the line of cases sanctioning attorneys for engaging in sexual relationships with clients. Under these circumstances, we cannot say the discipline imposed by Missouri would result in grave injustice, be offensive to the public policy of Louisiana, or warrant substantially different discipline in Louisiana.
*119 In reaching this conclusion, we acknowledge Louisiana does not have any procedural equivalent to the indefinite suspension imposed in Missouri. To the contrary, Supreme Court Rule XIX, § 10(A)(2) specifically requires that a suspension shall be “for an appropriate fixed period of time not in excess of three years.” [Emphasis added.]
Nonetheless, we believe reciprocal disciplinary matters involve unique considerations. This court’s jurisprudence recognizes that “only under extraordinary circumstances should there be a significant variance from the |ñsanction imposed by the other jurisdiction.” In re: Aulston, 05-1546, p. 6 (La.1/13/06), 918 So.2d 461, 464. A common theme of this court’s reciprocal disciplinary cases is deference to the decisions made by the sister state with which this court shares authority over the respondent. See In re: Kanwal, 09-2192, p. 3 (La.12/18/09), 24 So.3d 189, 191 (“we find it appropriate to defer to the determination made by Colorado, with which we share authority over respondent”); see also In re: Zdravkovich, 831 A.2d 964, 968-69 (D.C.2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”).
Under these circumstances, we believe there is justification for deferring to the Missouri judgment and imposing an indefinite suspension, even though Louisiana has no exact equivalent.[2] Accordingly, we will impose reciprocal discipline pursuant to Supreme Court Rule XIX, § 21.[3]
DECREE
Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that respondent, Darryl Brent Johnson, Jr., Louisiana Bar Roll number 20884, be suspended indefinitely from the practice of law.

. The nature of respondent’s misconduct is not set forth in the’court’s order. However, the petition for reciprocal discipline indicates that respondent engaged in a conflict of interest by showing his client lewd photographs and by making suggestive sexual comments to her, and commingled his personal funds with trust funds in his operating account.

. Of course, this holding should be limited to its facts, and should not be interpreted as providing support for the imposition of an indefinite suspension in a non-reciprocal disciplinary context. See In re: Bailey, 10-0426 (La.5/7/10), 41 So.3d 436 (court imposed reciprocal discipline of a fully deferred six-year suspension, based upon discipline imposed by the State Bar of Texas, even though Supreme Court Rule XIX does not permit a suspension in excess of three years).

. Any reinstatement of respondent to the practice of law in Louisiana will be governed by the provisions of Supreme Court Rule XIX, § 24(K).