PER CURIAM.
| pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel (“ODC”) has filed a petition seeking the imposition of reciprocal discipline against respondent, Gregory Wayne Minton,[1] an attorney licensed to practice law in the States of Louisiana, Kentucky, and Tennessee, based upon discipline imposed by the Supreme Court of Tennessee.
UNDERLYING FACTS AND PROCEDURAL HISTORY
On June 26, 2015, pursuant to a conditional guilty plea filed by respondent, the Supreme Court of Tennessee entered an order adjudging respondent guilty of misconduct as a result of violations of Rules 1.1 (failure to provide competent representation to a client), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5 (fee arrangements), 1.15(a) (safekeeping property of clients or third persons), 1.16(d) (obligations upon termination of the representation), 3.2 (failure to make reasonable efforts to expedite litigation), 3.4 (fairness to opposing party and counsel), 8.1(b) (bar admission and disciplinary matters), and 8.4 (misconduct) of the Tennessee Rulés of Professional Conduct. For this misconduct, the court ordered that respondent be suspended from the practice of law for a period of five years.
| ¡A-fter receiving notice of the Tennessee order of discipline, the ODC filed a motion *1137 to initiate reciprocal discipline proceedings in Louisiana, pursuant to Supreme Court Rule XIX, § 21. A certified copy of the decision and order of the Supreme Court of Tennessee was attached to the motion. On August 11, 2015, this court rendered an order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted. Respondent filed nothing in response to the order.
DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX,. § 21(D). That rule provides:
Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline ... unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same dis'cipline by' the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; ...
If this court' determines that any of' those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.
| sin the instant case, more than thirty days have passed since the date respondent was served with notice of the ODC’s motion to initiate reciprocal disciplinary proceedings. Respondent has not filed any objections in this court alleging any jurisdictional infirmities or lack of due process in the Tennessee proceeding, nor do we discern any such defects from our review of the record. Accordingly, we find the requirements of Supreme Court Rule XIX, § 21(D)(1) and (2) are satisfied.
The sole remaining inquiry under Supreme Court Rule XIX, § 21(D)(3) and (4) is whether the imposition of the same discipline imposed by Tennessee would result in grave injustice, be offensive to the public policy of Louisiana, or warrant substantially different discipline for similar misconduct in Louisiana.
According to the Tennessee judgment, thirteen complaints were filed against respondent, alleging lack of diligence, lack of communication, abandonment of practice, failure to appear in court for several cases, negligence, accepting fees and then failing to provide adequate legal services, contempt of court, misuse of trust account causing overdrafts on multiple occasions, and failure to notify clients of a temporary suspension. For his misconduct, respondent has been suspended from the practice of law in Tennessee for five years.[2]
Here, there is little doubt that respondent’s conduct would warrant disci *1138 pline in Louisiana. Furthermore, our jurisprudence recognizes that “only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction.” In re: Aulstan, 05-1546, p. 6 (La.1/13/06), 918 So.2d 461, 464. [Emphasis added.] A common theme of our reciprocal disciplinary cases is deference to the decisions made by the sister state with which we share authority over the respondent. See In re: Kanwal, 09-2192, p. 3 (La.12/18/09), 24 So.3d 189, 191 (“we find it appropriate to defer to the determination made by Colorado, with which we share authority over respondent”); see also In re: Zdravkovich, 831 A.2d 964, 968-69 (D.C.2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”).
Under these circumstances, it is appropriate to defer to the Tennessee judgment imposing discipline upon respondent. Accordingly, we will impose reciprocal discipline in the form of a five-year suspension, even though Louisiana has no exact equivalent.[3]
DECREE
Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that respondent, Gregory Wayne Minton, Louisiana Bar Roll number 22531, be suspended from the practice of law for five years.

. Respondent’s license to practice law in Louisiana is currently inactive.

. Louisiana does not have any procedural equivalent to the five-year suspension im *1138 posed in Tennessee. To the contrary, Supreme Court Rule XIX, § 10(A)(2) does not permit a suspension in excess of three years.

. Of course, this holding should be limited to its facts, and should not be interpreted as providing support for the imposition of a suspension in excess of three years in a nonreciprocal disciplinary context. See In re: Bailey, 10-0426 (La.5/7/10), 41 So.3d 436.