*161 ATTORNEY DISCIPLINARY PROCEEDING
PER CURIAM
|-i Pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel (“ODC”) has filed a petition seeking the imposition of reciprocal discipline against respondent, Ravindra Kanwal, an attorney licensed to practice law in Louisiana and Colorado, based upon discipline imposed by the Supreme Court of Colorado.
UNDERLYING FACTS AND PROCEDURAL HISTORY
Respondent, who is originally from India, came to the United States in 1987. Although he had already completed a law degree in India, he earned a second law degree from Tulane University. He was admitted to the practice of law in Louisiana in 1988 and to the practice of law in Colorado in 1992.
Respondent legally remained in the United States under a work visa until December 1995, when his visa expired. He did not obtain a new work visa and, thus, was in the country illegally. Nevertheless, he continued to practice law in Colorado, representing clients in immigration matters.
In 1999, respondent married a United States citizen. It was not until June 2009, after immigration authorities discovered he was in the United States illegally, that respondent obtained official authorization to work. At that time, he also applied for permanent residency, but he did not receive permanent residency status until May 2012.
lain the meantime, on July 21, 2009, the Supreme Court of Colorado suspended respondent from the practice of law for one year and one day for practicing law while unlawfully present in the United States. The Supreme Court of Colorado also banned him from applying for reinstatement until he obtained permanent lawful immigration status and employment authorization. This court imposed reciprocal discipline on December 18, 2009. In re: Kanwal, 09-2192 (La. 12/18/09), 24 So.3d 189.
In 2011, while he was still suspended from the practice of law in Colorado, respondent assisted a previous client with an immigration matter; he failed to inform the client that he was suspended from the practice of law. Another attorney working for the client discovered respondent was under suspension and reported him to the Colorado attorney disciplinary authorities.
On February 12,- 2015, the Supreme Court of Colorado disbarred respondent for violating the following provisions of Colorado’s Rules of Professional Conduct: Rules 3.4(c) (a lawyer shall not knowingly disobey an obligation under the rules of a tribunal), 5.5(a)(1) (a lawyer shall not practice law without a law license), and 8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).
After receiving notice of the Colorado order of discipline, the ODC filed a motion to initiate reciprocal discipline proceedings in Louisiana, pursuant to Supreme Court Rule XIX, § 21. A certified copy of the decision and order of the Supreme Court of Colorado was attached to the motion. On July 26, 2016, this court rendered an *162 order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted. Respondent failed to file any response in this court.
| .DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D). That rule provides:
Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline ... unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; ...
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.
In the instant case, respondent has made no showing of infirmities in the Colorado proceeding, nor do we discern any from our review of the record. Furthermore, we find there is no reason to deviate from the sanction imposed in Colorado as only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction. In re: Aulston, 05-1546 (La. 1/13/06), 918 So.2d 461. See also In re Zdravkovich, 831 A.2d 964, 968-69 (D.C. 2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”).
[ 4Under these circumstances, it is appropriate to defer to the Colorado judgment imposing discipline upon respondent. Accordingly, we will impose the same discipline against respondent as was imposed in Colorado and order that he be disbarred.
DECREE
Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that respondent, Ravindra Kanwal, Louisiana Bar Roll number 18972, be and he hereby is disbarred. His name shall be stricken from the roll of attorneys, and his license to practice law in the State of Louisiana shall be revoked.